## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DENISE WILSON
ADC #704858                                                            PETITIONER


VS.                                 5:07CV00258 JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                      RESPONDENT

### <u>MEMORANDUM AND ORDER</u>

### I. Background

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254. (Docket entry #1.)  Respondent has filed a Response (docket entry #8), to which Petitioner

has filed a Reply.  (Docket entry #13.)  Thus, the issues are now joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the pertinent procedural

history of this case.  On March 2, 2005, a jury in Pulaski County, Arkansas convicted Petitioner of

capital murder.  (Docket entry #8, Ex. A.)  Petitioner was sentenced to life imprisonment, without

the possibility of parole.[2]

Petitioner appealed her conviction to the Arkansas Supreme Court, where she argued that

the trial court erred: (1) in refusing to give the jury her proffered instruction on accomplice liability;

and (2) in denying her motion to suppress the statements she made to police.  On January 12, 2006,

the Arkansas Supreme Court affirmed Petitioner's conviction.  *Wilson v. State*, 364 Ark. 550, 222

---

[1]The parties have consented to proceedings before a United States Magistrate Judge. (Docket
entry #9.)

[2]The State waived the death penalty prior to trial.

S.W.3d 171 (2006).

On February 23, 2006, Petitioner filed a Rule 37 Petition in Pulaski County Circuit Court, raising numerous claims for postconviction relief. (Docket entry #8, Ex. D.) On July 7, 2006, the trial court entered an Order denying the Petition. (Docket entry #8, Ex. E.) Petitioner did not appeal the denial of Rule 37 relief.

On August 20, 2007, Petitioner filed a state habeas corpus Petition in Pulaski County Circuit Court, claiming that her sons killed the victim. (Docket entry #8, Ex. F.) On October 12, 2007, the trial court entered an Order denying the Petition. (Docket entry #8, Ex. G.) Among other things, the trial court noted that, because Petitioner was incarcerated in the ADC McPherson Unit, in Jackson County, it did not have habeas corpus jurisdiction over her. *Id.* Petitioner did not appeal the denial of state habeas corpus relief.

In this § 2254 action, which was filed on October 10, 2007, Petitioner raises four claims of ineffective assistance of counsel.[3] (Docket entry #1.) Respondent argues that all of Petitioner's claims are barred by the applicable statute of limitations, and she is also in procedural default on all of those claims.

For the reasons explained below, the Court concludes that Petitioner's habeas claims are all time barred.[4] Thus, the Petition will be denied, and the case will be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas

---

[3]Petitioner's claims present variations of the theme that one of her three defense lawyers provided her with ineffective assistance of counsel due to a medical condition requiring surgery.

[4]Accordingly, the Court need not address the issue of procedural default.

petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

On January 12, 2006, the Arkansas Supreme Court, on direct appeal, affirmed Petitioner's conviction. She elected not to petition the United States Supreme Court for certiorari review. Thus, AEDPA's one-year statute of limitations began to run ninety days later, on April 12, 2006, and expired on April 12, 2007, 180 days *before* Petitioner initiated this action on October 9, 2007.[5]

AEDPA also provides that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

---

[5]Although Petitioner filed her federal habeas Petition on October 10, 2007, she signed the Petition on October 9, 2007. The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, 523 F.3d 850 (8th Cir. 2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

For purposes of its statute of limitations analysis, the Court has given Petitioner the benefit of assuming that she placed the Petition in the prison mail system on October 9, 2007.

On February 23, 206, Petitioner filed a timely Rule 37 Petition in state court. Because the Rule 37 Petition was filed *before* the expiration of 90-day period in which Petitioner could have petitioned the United States Supreme Court for certiorari review, the beginning of AEDPA's one-year limitations period was tolled during the entire pendency of the Rule 37 Petition. This tolling is illustrated as follows:

(1) January 12, 2006: Petitioner's direct appeal concludes when the Arkansas Supreme Court affirms her conviction. Petitioner has ninety days to petition the United States Supreme Court for certiorari review *before* AEDPA's one-year statute of limitations is triggered.

→   *42 days run against the 90 days in which Petitioner could have sought certiorari review from the United States Supreme Court.*

(2) February 23, 2006: Petitioner files her Rule 37 Petition in Pulaski County Circuit Court. The Petition is denied on July 7, 2006. Thus, Petitioner is entitled to 134 days of tolling between those dates, in addition to 30 days of tolling in which she could have filed a notice of appeal from the denial of her Petition.[6]

→   *164 days of statutory tolling*

(3) August 6, 2006: AEDPA's one-year statute of limitations begins.

→   *365 days run against the statute of limitations*

(4) August 6, 2007: The statute of limitations expires.

(5) October 9, 2007. Petitioner files her habeas Petition 64 days after the expiration of the

---

[6]For purposes of statutory tolling under the AEDPA, a "properly filed" postconviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002); Ark. R. App. P.— Crim. 2(a)(4) (notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

statute of limitations.[7]

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable.  *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction."  *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that, due to her "low I.Q.," she could not understand the books in the law library, and that no one else would help her follow the proper legal steps.  (Docket entry #14 at 13.) After carefully reviewing the circumstances of Petitioner's case, the Court concludes that Petitioner has not met her burden of establishing equitable tolling. First, the Eighth Circuit, has held that equitable tolling is not warranted when a pro se prisoner contends that she lacks legal knowledge or resources. *See Preston v. State of Iowa* , 221 F.3d 1343 (8th Cir. 2000). Furthermore, Petitioner has demonstrated her ability to articulate her arguments despite her claim of a limited mental capacity.

### III. Conclusion

---

[7]Notably, on August 20, 2007, *after* the limitations period had expired, Petitioner filed a state habeas petition.  It is well-established that postconviction motions filed *after* AEDPA's limitations period has expired have no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

Moreover, the state habeas petition was not "properly filed" because the trial court determined that it lacked state habeas jurisdiction.  In *Lewis v. Norris*, 454 F.3d 778 (8th Cir. 2006), a § 2254 habeas petitioner, who was incarcerated in Lincoln County, filed an Arkansas state habeas petition in Mississippi County.  Because Arkansas law only gave circuit courts habeas corpus jurisdiction over prisoners within their respective counties, the Court held that the state habeas petition was not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). *Lewis*, 454 F.3d at 781.

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (docket entry #1), is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 18th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE